**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07 CR 33-12**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| TERRANCE BRADLEY THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#599) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on May 1, 2017, it appeared that Defendant was present with his counsel, Anthony Alan Coxie, and the Government was present through AUSA Donald Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

A Petition (#588) was filed on March 14, 2017 presenting allegations that Defendant had violated the terms and conditions of his supervised release by testing

positive for the use of cocaine, oxycodone, marijuana and Percocet. A hearing was

held in regard to the detention of Defendant on March 22, 2017. On that date, the

undersigned entered an Order releasing the Defendant on a $25,000 unsecured bond.

The undersigned further set conditions of release which included the following:

(1)     The defendant must not violate any federal, state or local law while on

        release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic

        drug or other controlled substances defined in 21 U.S.C. § 802, unless

        prescribed by a licensed medical practitioner.

On April 19, 2017 Defendant submitted to an urinalysis drug test at which

time Defendant tested positive for the use of oxycodone. Defendant did not have a

valid prescription for this medication.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1)     finds that there is----
        (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)     finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that

2

the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed at least a state crime while on release. The possession and use of oxycodone without a valid prescription is at least a misdemeanor under state law. N.C.G.S. § 90-95(a)(3).

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. The Defendant tested positive for the use of oxycodone on April 19, 2017 and Defendant did not have a valid prescription for this medication.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any

condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of release (#595) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: May 2, 2017

Dennis L. Howell
United States Magistrate Judge